**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARTIE MCCLOUD, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:04-0943 |
| v. | : | (MCCLURE, D.J.) |
| | | (MANNION, M.J.) |
| SUPT. SHANNON; PHYSICIAN OF S.C.I. FRACKVILLE (JOHN DOE); PHYSICIAN ASSISTANT (JOHN DOE); D.J. SEARFOSS, C.C.P.M.; J. MILLER, C.O.V.; and HEARING EXAMINER (JOHN DOE), | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Pending before the court is a motion to dismiss the plaintiff's complaint filed on behalf of defendants Shannon, Searfoss, and Miller. (Doc. No. 20). Based upon a review of the plaintiff's complaint, it is recommended that the motion to dismiss be granted.

**I. PROCEDURAL BACKGROUND**

On April 29, 2004, the plaintiff, a former inmate at the State Correctional Institution, Frackville, ("SCI-Frackville"), Pennsylvania[1], filed a complaint in which he alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

---

[1] Plaintiff currently resides at 335 Market Street, Apt. 6A, Harrisburg, PA 17101. (See Doc. No. 36).

On May 12, 2004, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization form. (Doc. Nos. 6 & 7). As a result, a financial administrative order was issued that same day. (Doc. No. 8).

By order dated May 24, 2004, it was directed that process issue. (Doc. No. 10).

Prior to the defendants filing a response to the plaintiff's complaint, on June 28, 2004, the plaintiff filed a document titled "Amended and Supplemental Pleadings," in which he added defendants and included additional allegations. (Doc. No. 12). By order dated July 6, 2004, the court construed the plaintiff's filing as an amended complaint and directed service of the filing upon the defendants. (Doc. No. 13).

On September 17, 2004, the instant motion to dismiss the plaintiff's complaint was filed on behalf of defendants Shannon, Searfoss, and Miller. (Doc. No. 20). After having been granted an extension of time to do so, the defendants filed a brief and exhibits[2] in support of their motion to dismiss on November 3, 2004. (Doc. Nos. 28 & 29). Again, having been granted an extension of time to do so, on January 21, 2005, the plaintiff filed a brief in opposition to the defendants' motion to dismiss. (Doc. Nos. 31 & 32).

---

[2]The defendants' supporting exhibits consist only of the plaintiff's original and amended complaints. Therefore, the court need not convert the defendants' motion to one for summary judgment.

2

## II. MOTION TO DISMISS STANDARD

Defendants' motion to dismiss is brought pursuant to provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the parties fail to state a claim upon which relief can granted. Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998)(citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

In deciding a motion to dismiss, a court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which plaintiff has identified as the basis of his claim. See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

It must also be remembered that when considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to

offer evidence in support of them. Scheuer v. Rhodes, 416 U.S. 233, 236 (1974).

## III. DISCUSSION

The plaintiff alleges in his amended complaint that on April 19, 2004, he was called to the medical department at SCI-Frackville where a physician's assistant told him he had to give back a walking cane which he had apparently previously been prescribed. (Doc. No. 12, ¶ 9). Due to the confiscation of his cane, the plaintiff alleges that he could not leave his cell and was, therefore, without food and/or medication for two (2) days. (Id. at ¶¶ 9-11).

On April 21, 2004, the plaintiff alleges that an unnamed correctional officer called the sergeant, who arranged to have the plaintiff taken to the medical department in a wheelchair. The plaintiff claims, however, that when he arrived at the medical department, the physicians' assistant ordered that he be returned to his unit without treatment. (Doc. No. 12, ¶¶ 12-14).

When he arrived back at his unit, the plaintiff alleges that he was unable to get out of the wheelchair. As a result, he alleges that the physician's assistant issued him a misconduct and he was placed in administrative custody as punishment. (Doc. No. 12, ¶ 15).

After having been in administrative custody for a period of five (5) days, the plaintiff alleges that a hearing examiner came to his cell to have him enter

a plea to the misconduct.  (Doc. No. 12, ¶ 16).  According to the plaintiff, the hearing examiner found him guilty of the misconduct and sentenced him to sixty (60) days in the Restricted Housing Unit, ("RHU").  The plaintiff claims that his placement in the RHU was in retaliation for his filing a lawsuit against defendant Shannon.  (Id. at ¶¶ 17-18).

The plaintiff alleges that he went on a hunger strike for approximately seventy-two (72) hours expecting that Department officials would be notified and intervene on his behalf.  (Doc. No. 12, ¶ 20).  After a period of seven (7) days, the plaintiff alleges that he spoke with defendant Miller to find out why no one had intervened on his behalf[3].  (Id. at ¶ 21).

Based upon the foregoing, the plaintiff alleges violations of his First, Eighth and Fourteenth Amendment rights.  (Doc. No. 12, ¶¶ 22-28).  The plaintiff is seeking declaratory and injunctive relief, as well as compensatory and punitive damages.

The defendants initially argue that the plaintiff's complaint should be dismissed as against defendant Shannon for the plaintiff's failure to state a claim upon which relief can be granted.  To this extent, the defendants argue that the plaintiff's only theory of liability against defendant Shannon is based upon respondeat superior.  (Doc. No. 28, pp. 6-8).

To state a claim under § 1983, the plaintiff must show that the

---

[3]The plaintiff does not indicate the result of his conversation with defendant Miller.

5

defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980).  Moreover, liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence.  Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Relief cannot be granted against a defendant pursuant to § 1983 based solely on the theory of respondeat superior or the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law.  Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, Rizzo v. Goode, 423 U.S. 362 (1976).

In this case, other than naming defendant Shannon as the Warden at SCI-Frackville, the plaintiff has failed to set forth any allegations which would indicate that he personally participated in any violation of the plaintiff's constitutional rights[4].  Therefore, it would appear that the plaintiff is attempting

---

[4]The court notes that the plaintiff indicates in the "Legal Claims" section of his amended complaint that he encountered defendant Shannon in the medical department in February.  However, there is no indication from the plaintiff's amended complaint that this "encounter" had anything to do with the

6

to hold defendant Shannon liable solely on the basis of <u>respondeat superior</u>, the defendants' motion to dismiss should be granted, and the plaintiff's complaint dismissed with respect to defendant Shannon.

With respect to defendant Searfoss, again, other than naming him as a defendant in the action, the plaintiff has failed to set forth any allegations which would indicate that he was personally involved in any alleged violations of the plaintiff's constitutional rights.  Therefore, the defendants' motion to dismiss should also be granted with respect to defendant Searfoss.

Finally, with respect to defendant Miller, the plaintiff alleges that he spoke to defendant Miller approximately seven (7) days into his hunger strike to inquire as to why no Department officials, including defendant Miller, intervened on his behalf.  There is no indication, however, from the plaintiff's complaint that defendant Miller was personally involved in the confiscation of the plaintiff's cane by the medical department, the subsequent inability of the plaintiff to receive food or medication, or the misconduct and related proceedings to which the plaintiff was allegedly subjected.  Given this, the plaintiff has failed to sufficiently allege a constitutional violation with respect to defendant Miller and the defendants' motion to dismiss should be granted with respect to him as well.

---

alleged violations which are the subject of this complaint and which occurred in April 2004.  (<u>See</u> Doc. No. 12, ¶ 25).

## IV. CONCLUSION

On the basis of the foregoing, it is recommended that the motion to dismiss the plaintiff's complaint filed on behalf of defendants Shannon, Searfoss, and Miller, **(Doc. No. 20)**, be **GRANTED**.

> **s/ Malachy E. Mannion**
> **MALACHY E. MANNION**
> **United States Magistrate Judge**

**Date:** August 12, 2005

O:\shared\REPORTS\2004 Reports\04-0943.wpd